## J. W. FOWLER AND ANOTHER v. W. F. EVANS, ADM'R, &c.

See this case for circumstances under which a judgment of a Probate Court, for costs arising in the partition of an estate, is held not to charge with notice a *bona fide* purchaser for a valuable consideration, who, subsequently to the rendition of the judgment, acquires title derived from the heirs against whom the judgment for cost was rendered.

*Quære?* Whether all judgments of the county courts for costs arising in the partition of estates are such final judgments as constitute liens on all the real estate which the persons against whom such judgments are rendered may own in the county?

Under the probate law of 1840, the share of each distributee was liable for such portion of the costs of the partition as was adjudged against him; but this could not be held to be a lien upon all the real estate of the distributee in the county, attaching to lands in the hands of third persons, purchasers from the distributee, so long as executions were regularly issued upon the judgment for costs.

APPEAL from Walker. Tried below before S. D. Hay, Esq., special judge.

The appellants, John W. and W. H. Fowler, brought this action of trespass to try title against Jesse Evans, the intestate of the appellee, on the 5th day of April, 1852.

The land in controversy was a portion of the headright league of John H. Cummings, deceased. The defendant set up title in himself to 460 acres of the land sued for, claiming by deed to him, with special warranty, from James Powell, of date February

11th, 1847, filed for record the same day. Defendant alleged that at the time of his intestate's paying the purchase money and receiving his said deed, he had no notice of the adverse claim of the plaintiffs, whose title had not then been recorded; and that said Powell, at the time of the purchase from him, was seized in fee, or pretended to be so seized. That Jesse Evans, defendant's intestate, was therefore a purchaser in good faith for a valuable consideration and without notice. Powell's title consisted of a quit-claim deed from the heirs of John H. Cummings, made on the 15th day of May, 1846.

The plaintiffs claimed under their purchase at sheriff's sale under an execution issuing on the 5th of August, 1845, from a judgment of the Probate Court, dated January, 1844, against the heirs of Cummings, for costs incurred in the partition of the estate between the heirs and the widow of Cummings. The deed of the sheriff to the plaintiffs was not recorded until April 1st, 1848. The facts with reference to the judgment for costs appear sufficiently in the opinion. The validity of the plaintiffs' title, as against that of the defendant's intestate, depended, so far as it is considered by the court, upon the question whether the judgment of the Probate Court for costs constituted a lien upon the land in controversy, and charged the defendant's intestate with notice of the plaintiffs' title at the time of the purchase of the land by the defendant's intestate.

Verdict and judgment for the defendant. The plaintiffs' motion for a new trial overruled.

*Potter* and *N. H. Davis*, for the appellants.

*A. P. Wiley*, for the appellee.

BELL, J. We are of opinion that there is no error in the judgment for which it ought to be reversed. It appears from the proceedings of the Probate Court of Montgomery county, contained in the statement of facts, that commissioners were appointed at the April Term of that court to make partition of the league of land in Montgomery county, belonging to the estate of J. H.

Cummings. The commissioners made partition, and reported their action to the court at the May Term, and at the same term the court made its decree confirming the partition, and also appointing commissioners to make partition of the land belonging to the estate of Cummings in Liberty county. These proceedings took place in the year 1842. It was not until the January Term, 1844, that the Probate Court rendered any judgment for costs. The land in controversy was sold by the sheriff, under the execution for costs, in the month of August, 1845. The sheriff's deed was not filed for record until the 1st of April, 1848.

Jesse Evans, the appellee's intestate, purchased from Powell, who was in possession, holding under the heirs of Cummings, and received a deed from Powell on the 11th of February, 1847. It is shown that Evans paid the purchase money, and it is not shown that he had any actual notice of the claim of title of the appellants. Under these circumstances, we are of opinion that the proceedings in the Probate Court of Montgomery county, subsequent to the confirmation of the partition of the land lying in Montgomery county, cannot be held to affect the appellee's intestate with notice of the title of the appellants.

We think it may well be doubted whether every judgment of the County Court for costs, arising in the partition of estates, can be held to be such a final judgment as constitutes a lien upon all the real estate which the person against whom the judgment was rendered may possess in the county. Under the probate law of 1840, the share of each distributee was liable for the portion of the costs of the partition adjudged against the distributee, but this could not be held to be a lien upon all the real estate of the distributee in the county, attaching to lands in the hands of third persons, purchasers from the distributee, so long as executions were regularly issued upon the judgment for costs. We think the most that can be said in the present case is, that Jesse Evans would have been chargeable with notice of whatever was shown by the decree confirming the partition of the land in Montgomery county. This decree contained no judgment for costs; and we think he was not bound to examine all the subsequent proceedings of the Probate Court concerning the partition of land in

another county, to ascertain if any judgment for costs had, at any time, been rendered, by which the land in Montgomery county could be affected. The appellants were clearly in default in not having their deeds recorded. We deem it unnecessary to notice other questions in the case, as we think the appellee's intestate showed himself to be a purchaser for value, without notice.

The judgment of the court below is affirmed.

Judgment affirmed.